Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| FRANSHESKA XAILI DE JESÚS CRUZ<br><br>Peticionaria<br><br>V.<br><br>KELVIN NEGRÓN GARCÍA<br><br>Recurrido | TA2026CE00405 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de PONCE<br><br>Caso Núm. PO2021RF00154<br><br>Sobre: Divorcio (Ruptura Irreparable) |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda del Toro y la Jueza Lotti Rodríguez

*Grana Martínez, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de mayo de 2026.

La peticionaria señora Francheska Xaili De Jesús Cruz comparece ante nosotros solicitando mediante recurso de Certiorari que revisemos la Orden en la que el Tribunal de Primera Instancia limitó el descubrimiento de prueba necesaria para determinar la pensión alimentaria de un menor a los últimos tres años.

El recurrido señor Kelvin Negrón García presentó su oposición al recurso. Los hechos esenciales para comprender la determinación que hoy tomamos se incluyen a continuación.

**I**

Las partes son los padres de la menor alimentista. El 26 de febrero de 2021 la peticionaria presento una Demanda de Divorcio por ruptura irreparable contra el recurrido. En ésta reclamó, entre otras, el establecimiento de una pensión alimentaria a favor de la menor.[1] Así las cosas, el 7 de julio del 2021, el TPI acogió la

---

[1] Véase Sistema Unificado de Manejo y Administración de Casos (SMAC), entrada número 1 ante el Tribunal de Primera Instancia (TPI).

recomendación del Examinador de Pensión Alimentaria consignada en Acta-Informe del 1 de julio y estableció una pensión provisional de ochocientos treinta y tres dólares con cincuenta y seis centavos ($833.56). Además, consignó que la antedicha pensión sería efectiva desde el 26 de febrero de 2021 y entregada directamente a la persona custodia, la aquí peticionaria, mediante ATH Móvil. Por último, impuso a la persona no custodia, el aquí recurrido, el pago del 60.67% de gastos médicos no cubiertos por el plan y gastos extraordinarios.[2] El TPI solicitó a la Oficina de Relaciones de Familia del Tribunal un Informe de Custodia Monoparental o Compartida.[3] El 22 de junio de 2021, el foro recurrido concedió la custodia de la menor a la peticionaria.[4]

El Informe Social solicitado por el foro recomendó una custodia compartida por fases que permitiese la adaptación de la menor al nuevo hogar paterno.[5] La peticionaria anunció que impugnaría el Informe.[6] Por su parte el recurrido informó que se allanaba a sus recomendaciones.[7]

En fin, el foro primario suspendió la adjudicación de la pensión final hasta la conclusión de los asuntos relacionados a la custodia, considerando la recomendación del Informe Social.[8] Finalmente, el 13 de agosto de 2025, el recurrido solicitó la celebración de la vista final de alimentos, debido a que el tribunal ya había adjudicado la custodia.[9] El TPI refirió el caso a la Examinadora de Pensiones Alimentarias para la vista final de pensión. El 8 de septiembre de 2025, ordenó al recurrido actualizar la información, debido al tiempo transcurrido.[10] El 11 de septiembre

---

[2] SUMAC, Entrada núm. 38 del TPI.
[3] SUMAC, Entrada núm. 15 del TPI.
[4] SUMAC, Entrada núm. 44 del TPI.
[5] SUMAC, Entrada núm. 73 del TPI.
[6] SUMAC, Entrada núm. 87 del TPI.
[7] SUMAC, Entrada núm. 93 del TPI.
[8] Véase Minuta 28 de octubre de 2022, SUMAC, Entrada núm. 387 del TPI.
[9] SUMAC, Entrada núm. 781 del TPI.
[10] SUMAC, Entrada núm. 798 del TPI.

de 2025, el Examinador de Pensiones Alimentarias recomendó un término final de 30 días para culminar el descubrimiento de prueba. El 3 de noviembre de 2025, la peticionaria solicitó un nuevo señalamiento, debido a que tenía necesidad de realizar un descubrimiento de prueba.[11] La peticionaria alegó que envió un nuevo Requerimiento de Admisiones y un Requerimiento de Producción de Documentos al recurrido para actualizar la prueba. El 26 de febrero de 2026, la peticionaria informó que el recurrido le adeudaba información sobre las W2 de los años 2018-2021 y 2025, las planillas federales 2018-2021, 2023-2025, las planillas estatales 2020 y 2025, los estados bancarios de la cooperativa 2018-2019, enero-mayo 2020, junio 2021, julio-diciembre 2025 y enero-feb 2026 y los Paypal 2018-2022, noviembre a diciembre 2025 y enero-febrero 2026.[12]

El 26 de febrero de 2026 el recurrido se opuso a la producción de documentos del año 2018, porque el descubrimiento de prueba se limita a los 36 meses previos a la petición de alimentos.[13] La peticionaria replicó que la información solicitada estaba comprendida dentro de los 36 meses previos, a la solicitud de alimentos.[14]

El 27 de febrero de 2026 el TPI dictó la orden siguiente: SOLO SE PERMITIRÁ EL DESCUBRIMIENTO DE PRUEBA DE LOS ÚLTIMOS 3 MESES. ESTO SEGÚN DISPONE NUESTRO ORDENAMIENTO JURÍDICO.[15]

La peticionaria solicitó reconsideración. Su representación legal adujo que toda la prueba solicitada era pertinente, necesaria e indispensable para establecer los ingresos que el recurrido recibió cada año y determinar la pensión final por períodos. La peticionaria

---

[11] SUMAC, Entrada núm. 815 del TPI.
[12] SUMAC, Entrada núm. 874 del TPI.
[13] SUMAC, Entrada núm. 876 del TPI.
[14] SUMAC, Entrada núm. 877 del TPI.
[15] SUMAC, Entrada núm. 880 del TPI.

argumentó que el tribunal tenía que considerar que la adjudicación final de los alimentos se paralizó hasta la determinación final de custodia y, que los alimentos se solicitaron en el año 2021. Por último, alegó que el tribunal tenía que establecer varias pensiones, debido a que las circunstancias cambiaron durante el transcurso del caso.[16]

El recurrido se opuso a la reconsideración, porque alega que (1) cumplió con el descubrimiento de prueba, (2) la información solicitada es de ocho años atrás y (3) la petición se realizó una semana antes de la vista de alimentos. Su representación legal adujo que:

(1) los ingresos de la W2 estaban en las planillas que ya había presentado como evidencia,

(2) informó que no radicaba planillas federales desde el año 2022,

(3) la peticionaria tenía sus planillas desde el año 2018, no había culminado el término para radicar la planilla 2025 y no poseía la W2 porque únicamente recibía la compensación por incapacidad de veteranos,

(4) los estados bancarios eran parte del pleito de división de gananciales,

(5) los estados Paypal no estaban dentro del marco del dictamen del tribunal.[17]

El 4 de marzo de 2026 el TPI ordenó al recurrido proveer la información de los años 2023-2026.[18]

Inconforme la peticionaria presentó este recurso en el que alega que:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL LIMITAR EL DESCUBRIMIENTO DE PRUEBA EN CONTROVERSIA EN ESTE CASO A LOS ÚLTIMOS 36

---

[16] SUMAC, Entrada núm. 882 del TPI.
[17] SUMAC, Entrada núm. 886 del TPI.
[18] SUMAC, Entrada núm. 887 del TPI.

MESES, A PARTIR DE ESTA FECHA, PUES LA PENSIÓN PRELIMINAR EN ESTE CASO SE ESTABLECIÓ EN EL AÑO 2021 SIN QUE A LA FECHA FUERA REVISADA DE FORMA ALGUNA DE CONFORMIDAD CON EL DERECHO APLICABLE Y EL DEBIDO PROCESO DE LEY POR LO QUE PROCEDE DESCUBRIR SOBRE TODOS LOS PERIODOS DE TIEMPO RELEVANTES, Y SIN QUE PARA ESA FECHA SE HUBIERA REALIZADO EL DESCUBRIMIENTO DE PRUEBA COMPULSORIO EN PROCESOS DE ALIMENTOS PARA CONOCER LA REALIDAD ECONÓMICA DE LAS PARTES.

### **El certiorari**

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un *certiorari* en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local, definió el *certiorari* como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. La opinión ratifica lo previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neil Healthcare v. Mun. de Las Piedras I* 206 DPR 391, 403 (2021), *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). La característica principal del certiorari, es la discreción que tiene el tribunal para atenderlo. La discreción ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al.* supra pág. 210.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de *certiorari.* Según lo establecido en la Regla 52.1 *supra* el recurso de *certiorari* solamente será expedido:

> [Para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios,

anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

A fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su reglamento, 4 LPRA L.P.R.A Ap. XXII establece los criterios que debería considerar para determinar si procede la expedición de un auto de certiorari. El texto de la regla citada es el siguiente.

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No se favorece la intervención del foro apelativo con los dictámenes interlocutorios del foro primario ya que el permitir recurrir de diversas resoluciones no abona al desenvolvimiento

lógico y funcional de los casos, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). De igual manera los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare. Mun. Las Piedras II,* 206 DPR 659, 672 (2021).

### El alcance del descubrimiento de prueba

El descubrimiento de prueba tiene como propósitos: (1) delimitar las controversias, (2) facilitar la consecución de evidencia, (3) evitar las sorpresas en el juicio, (4) facilitar la búsqueda de la verdad y (5) perpetuar la prueba. Por tal razón el alcance del descubrimiento de prueba tiene que ser amplio y liberal. No obstante, los tribunales de instancia tienen amplia discreción para regular su ámbito de forma que armonice con su obligación de garantizar una solución justa, rápida y económica, sin ventajas para ninguna de las partes. Los tribunales delimitarán el descubrimiento de prueba, conforme a las Reglas de Procedimiento Civil y deberán hacer un balance entre los intereses envueltos. El descubrimiento de prueba en los casos civiles está sujeto a dos limitaciones. La primera es que la información objeto del descubrimiento de prueba no sea privilegiada y la segunda que la información solicitada sea pertinente a la controversia. Regla 23.1 (a) 32 LPRA V; *Rivera et al. v Arcos Dorados et al.* 212 DPR 194, 203-204 (2023); *Cruz Flores et al. v. Hospital Ryder et al.* 210 DPR 465, 495-497 (2022); *McNeil Healthcare. Mun. Las Piedras II, supra.* Aunque el descubrimiento de prueba es amplio y liberal, tampoco es ilimitado. El tribunal tiene facultad para limitar su alcance, a iniciativa propia o a solicitud de parte, cuando se pretende descubrir prueba: (1) duplicada o

irrazonablemente acumulaticia (2) que se puede obtener de forma más conveniente y menos onerosa para la parte a la que se le solicita, (3) que la parte que la solicita tuvo la oportunidad de obtenerla y (4) que los costos exceden los beneficios. Regla 23.2 de Procedimiento Civil, 32 LPRA Ap. V. Igualmente tiene la facultad de imponer órdenes protectoras, conforme se dispone en la regla citada.

### **Alimentos**

La obligación de los padres de proveer alimentos a sus hijos es del más alto interés público, porque emana del derecho a la vida consagrado en la Carta de Derecho de la Constitución de Puerto Rico *James Soto v. Montes James,* 213 DPR 718, 729 (2024). La obligación de alimentar, aunque nace a la vida con el menor como deber moral surge de manera legal desde que se insta la acción requiriendo los alimentos. La Ley Orgánica de la Administración para el Sustento de Menores establece que **los decretos de alimentos se retrotraen a la fecha en que se presenta la reclamación. Ley núm. 5 de 1986, 8 LPRA sec. 501 y siguientes**. **La norma general es que se puede solicitar revisión de una pensión alimentaria, transcurridos tres años de su decreto. Como excepción**, puede solicitarse revisión si se demuestra un cambio sustancial en las circunstancias del alimentista o del alimentante. Art. 19 Ley Núm.5 *supra.,* 8 LPRA sec. 518 (c); *Pesquera Fuentes v. Colón Molina,* 202 DPR 93-104,105 (2019).

El término de treinta y seis meses o tres años también es utilizado para determinar el cómputo de las horas extras, comisiones y propinas. Según el Artículo 12 de las Guías Mandatorias para Fijar Modificar Pensiones Alimentarias en Puerto Rico, Reglamento Núm. 9535 del 16 de febrero de 2024 de Asume, las horas extras, comisiones y propinas se computan a base del

promedio mensual recibido durante los treinta y seis meses antes de la vista.

**III**

La peticionaria alega que el descubrimiento de prueba no puede limitarse a los últimos tres años conforme ordenó el foro recurrido, porque solicitó la pensión en el año 2021 y es pertinente descubrir prueba de los tres años previos, o sea los años 2018 a 2021.

Según la peticionaria, el recurrido: (1) no presentó las planillas federales del 2018 al 2021, que por sus dichos rindió, (2) no indicó si recibió las W-2 desde el 2018 hasta el momento de su incapacidad, (3) no rindió los estados bancarios fundamentales para establecer sus ingresos, (4) no presentó en el pleito de división de bienes, los estados de cuenta de los períodos previos al 2024 y (5) se negó a presentar los estados *PayPal*, a pesar de que son ingresos que no están exentos de descubrimiento de prueba.

Por su parte, el recurrido alega que la peticionaria solicita documentos que no tiene en su poder, e insiste en descubrir prueba que ya le proveyó en el año 2021.

El TPI resolvió que en los casos de alimentos el descubrimiento de prueba está limitado a los últimos 3 años o 36 meses.

La expedición de este recurso es necesaria, debido al alto interés público que tienen los casos de alimentos de menores. Nuestra intervención es esencial para clarificar las normas que regirán el descubrimiento de prueba en esos casos. Además, aprovechamos la oportunidad para advertir a los foros primarios la importancia de citar con especificidad las fuentes de derecho en que fundamentan sus dictámenes, para que los foros apelativos

podamos ejercer adecuadamente nuestra función revisora y para el conocimiento de las partes y sus abogados.

El foro primario adoptó como norma que el descubrimiento de prueba en los casos de alimentos se retrotrae a los últimos tres años. No obstante, se limitó a expresar que decidió conforme a nuestro ordenamiento jurídico, sin citar la disposición legal en la que fundamentó la decisión. Este tribunal estudió minuciosamente la Ley de Sustento de Menores y las Guías Mandatorias, supra, con el propósito de auscultar la fuente legal de su dictamen. Así encontramos que el legislador, dispuso expresamente que los decretos de alimentos se retrotraen a la fecha en que se presentó la reclamación y que la revisión de la pensión procede a los tres años de establecida. Las Guías Mandatorias también establecen el plazo de treinta y seis meses para efecto de computar las horas extras, comisiones y propinas. **Sin embargo, no encontramos ninguna disposición legal en la que el legislador haya establecido que el descubrimiento de prueba en los casos de alimentos se retrotrae a los últimos tres años. Tampoco encontramos que el Tribunal Supremo de Puerto Rico se expresara al respecto.**

A nuestro juicio el criterio que debe gobernar el descubrimiento de prueba en los casos de alimentos **es la pertinencia y no un término específico.** El descubrimiento de prueba en los casos civiles está sujeto a materia que no sea privilegiada y **a la pertinencia de la información solicitada para resolver la controversia**. **Los casos de alimentos no están exentos de la aplicación de esa regla.**

La peticionaria alega que la prueba de los años 2018 al 2021 es **pertinente,** necesaria e indispensable para establecer la pensión. El recurrido sostiene que entregó parte de esa prueba. La peticionaria niega que la recibió. El alto interés que tienen los alimentos de menores amerita que el TPI realice una vista para

determinar la pertinencia de la prueba solicitada por la peticionaria y que, de ser pertinente, corrobore si le fue entregada. El objetivo de la vista es dirimir todas las controversias relacionadas al descubrimiento de prueba, para que pueda determinarse la pensión final en un caso que lleva litigándose desde el año 2021. Aunque de ordinario no intervendríamos con una determinación interlocutoria en un caso de familia, en esta ocasión nos vemos forzados a intervenir ante un error manifiesto en la aplicación de término que no se sostiene de las fuentes jurídicas y que, de permitirse, sustituiría el criterio de pertinencia que ha de regir el descubrimiento.

**IV**

Por los fundamentos anteriormente expuestos, se expide el recurso, se revoca la resolución recurrida y se ordena al TPI a realizar una vista para atender los asuntos señalados.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones